**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MEENAXI ENTERPRISE, INC., : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 23-906 (SRC) |
| v. : | |
| : | **OPINION & ORDER** |
| SINGH TRADING CO., INC. et al., : | |
| : | |
| Defendants. : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on two motions for default judgment, pursuant to Federal Rule of Civil Procedure 55(b), by Plaintiff Meenaxi Enterprise, Inc. ("Meenaxi"): 1) as to Defendants DK Grocery Inc. and Khadag Singh; and 2) as to Defendants House of Spices (India), Inc. and Neil Soni. For the reasons that follow, the motions will be denied.

On February 16, 2023, Plaintiff filed the Complaint against a larger group of Defendants. The Complaint asserts five claims against all Defendants: 1) trademark counterfeiting under Lanham Act § 32; 2) trademark infringement under Lanham Act § 32; 3) false designation of origin under Lanham Act § 43(a); 4) unfair competition under N.J.S.A. § 56:4-1; and 5) common law unfair competition. The Complaint alleges that Plaintiff owns federal registration no. 4,206,026 for the BOURNVITA mark for, in brief, beverages with a milk base and beverages with a chocolate base.

The briefs in support of the two motions are nearly identical, but for the names of the Defendants against whom default judgment is sought. Plaintiff seeks judgment against the

1

Defendants specified on all five claims, and asks for an award of statutory damages under the Lanham Act, a permanent injunction against future use of Plaintiff's mark, and an award of attorneys' fees.

The docket indicates that the four Defendants were served on March 13 and 24, 2023 and have not appeared in the action, and default against the four Defendants was entered on April 10 and 19, 2023. Plaintiff now moves for entry of default judgment against the four defaulting Defendants.

Fed.R.Civ.P. 55(b)(2) authorizes the entry of a default judgment against a party that has defaulted. In the Third Circuit, "the entry of a default judgment is left primarily to the discretion of the district court." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). Before it enters default judgment, the district court must find that the Complaint's factual allegations "constitute a legitimate cause of action." Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536 (D.N.J. 2008). The court accepts as true the complaint's factual assertions, except those pertaining to damages, which the movant must instead prove. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

The Complaint alleges generally:

In violation of Meenaxi's exclusive United States rights in its BOURNVITA mark, each of the Defendants has imported into the United States BOUNVITA [*sic*] branded chocolate milk powder produced in India for sale primarily to Indian groceries, without Meenaxi's authorization.

Upon information and belief, the Defendants have used one or more of the same sources for acquiring their infringing goods, all of which originate out of India and also bear the Cadbury designation owned by Mondelez International. Although the Cadbury company owned by Mondelez owns the BOURNVITA trademark in India, it has no rights to that mark in the United States market in which Meenaxi owns the BOURNVITA mark. Indeed, on November 15, 2022, the International Trade Commission found that the importation of Cadbury's

2

> BOURNVITA product was unlawful, and it issued a General Exclusionary Order prohibiting the entry into the U.S. of such infringing goods that violated Meenaxi's trademark rights.
>
> Upon information and belief, the Defendants are all selling the same infringing product using the same packaging, and employing the same or similar marketing tactics, pricing structures and distribution schemes in a deliberate effort to undermine Meenaxi's exclusive United States ownership rights in the BOURNVITA mark.

(Compl. ¶ 26, 34, 35.)   The Complaint alleges that Defendant House of Spice sold 23 boxes "containing infringing BOURNVITA chocolate milk powder" (¶ 30) and Defendant DK Grocery sold 1 such box (¶ 32).   The Complaint alleges that Defendant Singh is an officer/owner who participated in the infringing activity of Defendant DK Grocery (¶ 15), and that Defendant Soni is an officer/owner who participated in the infringing activity of Defendant House of Spices (¶ 15).

As to the natural person Defendants, Singh and Soni, the Complaint pleads no specific facts on which to base a judgment of liability under any claim in the Complaint.   As to Defendants Singh and Soni, the Complaint asserts legal conclusions about their involvement in infringing activities, but no specific facts.   The Complaint does not support any judgment of liability as to Defendants Singh and Soni.   As to Defendants Singh and Soni, the motions for default judgment will be denied.

As to the business entity Defendants, DK Grocery and House of Spices, the factual allegations in the Complaint leave key questions unanswered.   The Complaint alleges that each business sold one or more boxes "containing infringing BOURNVITA chocolate milk powder." (¶¶ 30, 32.)   The Court takes judicial notice that U.S. Trademark Registration No. 4,206,026 is for the word mark, "BOURNVITA."   The Complaint, as drafted, states that the Defendants sold

3

boxes containing infringing powder, but the Court does not understand how a beverage powder itself could infringe a word mark. The Court imagines that Plaintiff meant to write that the packaging displayed the word mark, "BOURNVITA," rather than that there was infringing powder inside the packaging, but there are still two problems. First, this Court declines to enter a default judgment without clear support from factual allegations in the Complaint. Second, the Complaint does not contain sufficient factual basis to raise an inference of counterfeiting or infringement under the Lanham Act.

In short, Plaintiff has not made clear exactly what DK Grocery and House of Spices are alleged to have sold: did they sell items that would be genuine in India, but are unauthorized imports in the United States? The way in which the Complaint and briefs are written leaves open the possibility, at least, that DK Grocery and House of Spices are alleged to have sold boxes of BOURNVITA product that were manufactured and distributed in India by the Cadbury Company, where Cadbury owns the BOURNVITA mark. Thus, even if the Court credited the Complaint with pleading that Defendants sold one or more boxes which *displayed* the BOURNVITA mark, the Court has no basis to conclude that such products were counterfeit. The Complaint has been worded in a way that suggests that this may be a gray market[1] situation, a case in which the problem is the unauthorized import of a product that would be genuine if sold in India, but which has been imported to a country where Plaintiff owns the rights to use the BOURNVITA mark in commerce. The Complaint pleads no facts that support the inference that the allegedly infringing boxes were counterfeits.

---

[1] Professor Gilson states: "the gray market [is] a parallel market where authentic products are sold through unauthorized sellers." 1A Gilson on Trademarks § 5.20 (2023).

The first claim in the Complaint asserts trademark counterfeiting under Lanham Act § 32. That section of the Lanham Act states:

> (1) Any person who shall, without the consent of the registrant—
>
>> (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or
>> (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,
>
> shall be liable in a civil action by the registrant for the remedies hereinafter provided.

15 U.S.C. § 1114(1).

As just explained, the Complaint does not provide factual allegations that support the inference that the alleged infringing product is counterfeit, or a reproduction, copy, or imitation. The Complaint alleges that Plaintiff did not authorize the import of the allegedly infringing products, but it does not state that the products themselves are counterfeit or differ in any way whatever from the BOURNVITA products that Plaintiff distributes. The Court has no basis to enter judgment of trademark counterfeiting against DK Grocery and House of Spices.

The text of 15 U.S.C. § 1114(1) expressly states that this section is concerned with use of the mark which "is likely to cause confusion, or to cause mistake, or to deceive." The Complaint does not plead facts which support an inference that the sales of the allegedly infringing products were likely to confuse or deceive the customers. As already explained, the

5

Complaint leaves open the possibility that consumers who purchased such items received the genuine product that is sold legally in India. What, then, would such a consumer be confused about? The Complaint does not allege facts that raise the inference that consumers have any idea about the name of the business that imported the product from India to the United States, nor that it makes any difference to the consumer whether it was imported by one business over another. The Court has no basis to find that DK Grocery or House of Spices violated Lanham Act § 32.

The well-known treatise on federal trademark law, "Gilson on Trademarks," addresses the matter of Lanham Act § 32 issues in gray market cases as follows:

> Consumer confusion in gray market goods cases is somewhat different from the typical source confusion at issue in most trademark infringement cases. It is more like confusion as to sponsorship or affiliation. With gray market goods, consumers are generally aware of the original manufacturer or source of the goods. They are not, however, aware of the chain of distribution and are likely to believe incorrectly that the products they receive are authorized by the manufacturer to be sold to them. A determination of consumer confusion in gray market cases does not follow the standard multifactor test; instead, it asks whether the defendant's gray market good is materially different from the plaintiff's authentic good.

1A Gilson on Trademarks § 5.20 (2023).[2] The Complaint pleads no facts to support the

---

[2] The key Third Circuit case on this issue is Iberia Foods Corp. v. Romeo, 150 F.3d 298, 302-03 (3d Cir. 1998) (citations omitted):

> As a matter of doctrine, a trademark owner attempting to use § 32 to prevent an infringement must establish that the products sold by the alleged infringer are not "genuine." The test for whether an alleged infringer's products are genuine asks whether there are "material differences" between the products sold by the trademark owner and those sold by the alleged infringer. If there are no material differences between the products sold, then the products offered by the alleged infringer are "genuine" and an infringement action under § 32 of the Lanham Act must fail.

conclusion that the alleged infringing goods differ in any way from the goods sold by Plaintiff. There is no support for an inference that the infringing goods are likely to confuse. Pursuant to the Third Circuit's decision in Iberia, the § 32 claims must fail. See also Rockwell Automation, Inc. v. Radwell Int'l, Inc., 2019 U.S. Dist. LEXIS 222361, at *16 (D.N.J. Dec. 30, 2019) (discussing the continued vitality of the Iberia material differences test.)

The second claim in the Complaint also asserts a claim for violation of Lanham Act § 32. For the reasons just stated, the Court has no basis to find that DK Grocery or House of Spices violated Lanham Act § 32.

The third claim in the Complaint asserts a claim for violation of Lanham Act § 43(a) based on the use of a false designation of origin. Plaintiff's brief in support of the motion for default judgment says only that the legal standard for the third claim is the same as that for the second. Plaintiff does not identify what, it contends, is the false statement of origin in this case. The Court has no basis to find a false designation of origin.

As to the fourth and fifth claims in the Complaint, under state law, Plaintiff argues only that the claims have the same requirements as the federal law claims. Thus, because Plaintiff has failed to demonstrate that the defendants are liable under the Lanham Act, the Court must find accordingly that Plaintiff has failed to demonstrate that the defaulted defendants are liable under state law. The motions for default judgment will be denied.

Because Plaintiff has failed to demonstrate that the defaulted defendants are liable on any claim in the Complaint, this Court has no basis to declare this an exceptional case and award attorneys' fees. The motions for attorneys' fees will be denied.

For these reasons,

**IT IS** on this 21st day of June, 2023,

**ORDERED** that Plaintiff's motion for entry of default judgment (Docket Entry No. 42), pursuant to Federal Rule of Civil Procedure 55(b)(2), is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for entry of default judgment (Docket Entry No. 50), pursuant to Federal Rule of Civil Procedure 55(b)(2), is **DENIED**.

      s/ Stanley R. Chesler
Stanley R. Chesler
United States District judge