UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MEENAXI ENTERPRISE, INC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> SINGH TRADING CO., INC. et al., : <br> : <br> Defendants. : | Civil Action No. 23-906 (SRC) <br><br> **OPINION & ORDER** |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion for reconsideration by Plaintiff Meenaxi Enterprise, Inc. ("Meenaxi") of this Court's Opinion and Order of June 21, 2023, which denied two motions for default judgment: 1) as to Defendants DK Grocery Inc. and Khadag Singh; and 2) as to Defendants House of Spices (India), Inc. and Neil Soni.  For the reasons that follow, the motion will be denied.

"A motion for reconsideration requires the movant to show (1) an intervening change in the controlling law; (2) new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or prevent manifest injustice."  Gibson v. State Farm Mut. Auto. Ins. Co., 994 F.3d 182, 190 (3d Cir. 2021); L. Civ. R. 7.1(i).

Plaintiff makes three arguments in support of its motion for reconsideration: 1) the Court erred in applying the standard from Iberia Foods Corp. v. Romeo, 150 F.3d 298 (3d Cir. 1998); 2) the Complaint adequately alleged infringing use of the BOURNVITA mark; and 3) the Complaint provides sufficient factual support for a grant of default judgment against the

1

individual Defendants, Singh and Soni.

The problem for Plaintiff is that it has overlooked an essential element of this Court's decision:

> The Complaint pleads no facts to support the conclusion that the alleged infringing goods differ in any way from the goods sold by Plaintiff. There is no support for an inference that the infringing goods are likely to confuse.

(Opinion and Order of June 21, 2023 at 6-7.)   Although the Complaint asserts five claims against all Defendants, Plaintiff's briefs in support of the motions for default judgment used the claims for violation of § 32 of the Lanham Act as the foundation for the motion.   That section states:

> (1) Any person who shall, without the consent of the registrant—
>
> (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which *such use is likely to cause confusion, or to cause mistake, or to deceive*; or
> (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,
>
> shall be liable in a civil action by the registrant for the remedies hereinafter provided.

15 U.S.C. § 1114(1) (italics added.)   Note that § 1114(1)(a) covers the sale of goods "on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive." The Court found that the Complaint pled no facts to support a determination that Defendants' sales of goods with the BOURNVITA mark were likely to confuse the purchaser.   Plaintiff has

2

not even argued that the Court overlooked factual allegations in the Complaint which adequately support a determination that Defendants' sales of goods were likely to cause confusion, or to cause mistake, or to deceive the purchaser.

Thus, even if, for the sake of discussion, the Court agreed with Plaintiff that Iberia has no application here – and it does not agree –, Plaintiff would still be left with the plain language of § 32 of the Lanham Act and its requirement that the sale be likely to cause confusion, mistake, or deception.

Plaintiff's brief in support of the motion for reconsideration addresses this statutory requirement in only one sentence: "The unauthorized use of the identical trademark on the same kind of products sold by Meenaxi manufactured by a completely unrelated, independent entity not only inevitably causes confusion, but also constitutes use of a counterfeit trademark." (Br. at 8.) This conclusory assertion is insufficient to persuade this Court that it erred.[1] What is Plaintiff's basis for the proposition that unauthorized use of a trademark inevitably causes confusion? Plaintiff has provided neither authority nor reasoning in support of this key point, and it appears contrary to the Third Circuit's decision in Weil Ceramics & Glass, Inc. v. Dash, 878 F.2d 659, 670 (3d Cir. 1989), a case in which the Court rejected the domestic importer's argument "that its trademark is 'copied' by *any* unauthorized use."

Although Plaintiff argues that the Third Circuit's decision in Iberia has no application to this case, the Third Circuit's explanation of the law in that case appears problematic for Plaintiff's position:

---

[1] If unauthorized use of a mark *inevitably* causes confusion, why did the Third Circuit even bother with the material differences test in Iberia? No such test would be necessary if confusion were truly inevitable from unauthorized use.

> The purpose of the material differences test is to determine whether the allegedly infringing products are likely to injure the goodwill developed by the trademark owner in the trademarked goods. When the products sold by the alleged infringer and the trademark owner contain identical marks but are materially different, consumers are likely to be confused about the quality and nature of the trademarked goods. Characteristics of the alleged infringer's goods that are not shared by the trademark owner's goods are likely to affect consumers' perceptions of the desirability of the owner's goods. Sales of the alleged infringer's goods will tarnish the "commercial magnetism" of the trademark, injuring the trademark owner. In such circumstances, the alleged infringer's goods are considered "non-genuine" and the sale of the goods constitutes infringement.
>
> In contrast, when the differences between the products prove so minimal that consumers who purchase the alleged infringer's goods get precisely what they believed that they were purchasing, consumers' perceptions of the trademarked goods are not likely to be affected by the alleged infringer's sales. Although consumers may be unaware of the precise avenues that a given product has traveled on its way to the supermarket shelf, the authentic trademark on the alleged infringer's goods is an accurate indicator of their nature and quality. Thus, the goods may be considered "genuine." This does not mean that the trademark owner suffers no economic harm from the alleged infringer's sales, but it does mean that § 32 of the Lanham Act does not offer a remedy to the trademark owner.

150 F.3d at 303-304 (citations omitted.) The Complaint in this case, as well as the briefing, leaves significant ambiguity about whether "consumers who purchase[d] the alleged infringer's goods [got] precisely what they believed that they were purchasing." The Complaint in this case does not provide a basis to conclude that "the allegedly infringing products are likely to injure the goodwill developed by the trademark owner in the trademarked goods." In view of the ambiguity of the Complaint, its insufficiency in providing factual support for a determination of likelihood of confusion, and the plain language of § 32 of the Lanham Act, the Court denied the motions for default judgment, and Plaintiff has not persuaded the Court that it erred in doing so.

Moreover, in neither <u>Iberia</u> nor <u>Weil</u> did the Third Circuit limit its interpretation of § 32

4

to a particular subset of cases, such as gray market cases; these two key cases are applicable to all claims asserting violation of § 32. Nor has Plaintiff even asserted that it provides a quality control mechanism that might suffice to support finding a material difference between its product and that sold by the alleged infringers. See Iberia, 150 F.3d at 305.

Lastly, Plaintiff argues that its factual allegations against the individual defendants must be taken as true, and that they support a grant of default judgment. This is unpersuasive for two reasons. First, in the absence of support for a finding that the sales violated § 32 of the Lanham Act, no individual can be found liable for such a violation. Second, the Third Circuit has stated: "In considering a motion for a default judgment under Rule 55(b)(2), a district court should accept as true the *well-pleaded* factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." Polidoro v. Saluti, 675 F. App'x 189, 190 (3d Cir. 2017) (italics added). The Complaint pleads no specific facts supporting a finding that the individual defendants participated in the allegedly infringing sales, but only legal conclusions.

Plaintiff has failed to show a basis for reconsideration of this Court's decision. See also Harad v. Aetna Casualty & Surety Co., 839 F.2d 979, 982 (3rd Cir. 1988) (the Third Circuit "has adopted a policy disfavoring default judgments.") The motion for reconsideration will be denied.

For these reasons,

**IT IS** on this 6th day of July, 2023,

5

**ORDERED** that Plaintiff's motion for reconsideration (Docket Entry No. 82) is **DENIED**.

                                              s/ Stanley R. Chesler
                                              Stanley R. Chesler
                                              United States District Judge