UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MEENAXI ENTERPRISE, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **SINGH TRADING CO., INC. d/b/a ROSHNI FOODS**, *et. al*, <br><br> Defendants. | Case No. 2:23-cv-906 (SRC) (SDA) <br><br> Hon. Stacey D. Adams, U.S.M.J. <br><br> **ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** |

**THIS MATTER**, having come before the Court on the Motion filed by Plaintiff Meenaxi Enterprise, Inc. ("Plaintiff") for leave to file a first amended complaint (ECF No. 93); and no opposition having been filed; and the Court having considered the matter without oral argument pursuant to Fed. R. Civ. P. 78; and for good cause shown:

**IT IS ON THIS 22nd day of April, 2025** hereby **ORDERED**:

1. Plaintiff's Motion for Leave to File a First Amended Complaint (ECF No. 93) is **GRANTED.** Plaintiff shall file its amended complaint, as attached to the Motion as Exhibit A, within seven (7) days of the entry of this Order.

2. Plaintiff shall serve the Defendants in Default with a copy of the first amended complaint within fourteen (14) days of the entry of this Order.

3. The Clerk of Court is respectfully directed to terminate the Motion at ECF No. 93 and reinstate this matter.

*s/ Stacey D. Adams*<br>
Stacey D. Adams<br>
United States Magistrate Judge

*For the reasons set forth in the attached Opinion.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**MEENAXI ENTERPRISE, INC.,**

                  Plaintiff,

v.

**SINGH TRADING CO., INC. d/b/a ROSHNI FOODS,** *et. al*,

                  Defendants.

Case No. 2:23-cv-906 (SRC) (SDA)

Hon. Stacey D. Adams, U.S.M.J.

**OPINION**

**STACEY D. ADAMS, United States Magistrate Judge**

This matter comes before the Court on Plaintiff's Motion for Leave to File an Amended Complaint. (ECF No. 93) (the "Motion"). The Motion is unopposed. For the reasons set forth herein, the Motion is **GRANTED**.

**FACTUAL BACKGROUND AND RELEVANT PROCEDURAL HISTORY**[1]

Plaintiff Meenaxi Enterprise Inc. ("Plaintiff") initiated this action on February 16, 2023 against Defendants Singh Trading Co., Inc. d/b/a Roshni Foods ("Roshni"), Pardeep Singh Aneja ("Aneja"), Vdyas, LLC ("Vdyas"), Charandeep Singh ("C. Singh"), Bhavani Foods and Vegetables, Inc. ("Bhavani"), Mukund Patel ("Patel"), House of Spices (India), Inc. ("House of Spices"), Neil Soni ("Soni"), JMR Distributors LLC ("JMR"), Hiral Joshi ("Joshi"), Hetal Mehta ("Mehta"), DK Grocery Inc. d/b/a Apna Bazar Cash & Carry ("DK"), Khadag Singh ("K. Singh"), Peekay International, Inc. ("Peekay") and Binoti Parmar ("Parmar") (collectively, "Defendants"). (Compl., ECF No. 1). The Complaint asserted five claims against all Defendants: (1) trademark counterfeiting under Lanham Act § 32; (2) trademark infringement under Lanham Act § 32; (3)

---

[1] The following facts are gleaned from Plaintiff's initial Complaint. (Compl., ECF No. 1).

1

false designation of origin under Lanham Act § 43(a); (4) unfair competition under N.J.S.A. § 56:4-1; and (5) common law unfair competition. (*Id.*).

The crux of the Complaint is that Defendants engaged in the unauthorized import and sale of BOURNVITA chocolate milk powder ("BOURNVITA") in the United States. (*Id.* ¶ 1). Plaintiff owns a federally registered trademark for BOURNIVTA. (*Id.* ¶ 23). Plaintiff alleges the infringing goods originated from India and bear the designation of the Cadbury Company ("Cadbury"). (*Id.* ¶ 34). Although Cadbury owns the BOURNVITA trademark in India, it has no rights to the mark in the United States. (*Id.*). Defendants are business entities and owners throughout New Jersey that Plaintiff believes are selling Cadbury's BOURNVITA. (*Id.* ¶ 35).

On June 9, 2023, a final judgment on consent was entered against Defendants JMR, Joshi and Mehta. (ECF No. 77). On June 16, 2023, a final judgment on consent was entered against Defendants Vdyas, C. Singh, Peekay and Parmar. (ECF No. 80). The remaining Defendants failed to answer and default was entered against: DK and K. Singh on April 10, 2023; House of Spices and Soni on April 19, 2023; Bhavani and Patel on May 25, 2023; and Roshni and Aneja on June 8, 2023.

Plaintiff filed a motion for default judgment against DK and K. Singh on April 13, 2023 (ECF No. 42); House of Spices and Soni on April 20, 2023 (ECF No. 50); Bhavani and Patel on May 31, 2023 (ECF No. 70); and Roshni and Aneja on June 15, 2023. (ECF No. 79). The Honorable Stanley R. Chesler, U.S.D.J. denied the motions filed against DK and K. Singh, and against House of Spices and Soni, on June 21, 2023. (ECF No. 81). He found several problems with the complaint that foreclosed his ability to enter default judgment. (*Id.*). First, as to the natural person Defendants K. Singh and Soni, the Complaint did not plead specific facts on which to base liability and asserted only legal conclusions about their involvement in the allegedly infringing

2

activities. (*Id.* at 3). As to the business entity Defendants DK and House of Spices, Judge Chesler held "the factual allegations in the Complaint leave key questions unanswered." (*Id.*). Specifically, the Complaint did not explain how beverage powder could infringe upon a word mark. (*Id.*). Judge Chesler further found that the Complaint failed to demonstrate that the products being sold were counterfeit, reproduction, copy, or imitation, nor did it sufficiently allege facts to raise an inference of counterfeiting or infringement. (*Id.*). Finally, the Complaint did not explain why the allegedly infringing goods were likely to confuse or deceive customers. (*Id.*).

Plaintiff's motion for reconsideration (ECF No. 82) was denied on July 6, 2023. (ECF No. 84). The Third Circuit affirmed on July 31, 2024. (ECF No. 90; *Meenaxi Enter., Inc. v. Singh Trading Co.*, Nos. 23-cv-2288, 23-cv-2399, 2024 WL 3594364 (3d. Cir. July 31, 2024)). On August 29, 2024, the remaining motions for default judgment against Bhavani and Patel, and against Roshni and Aneja, were denied for the same reasons set forth in Judge Chesler's Opinion against the other Defendants. (ECF No. 92).

Plaintiff now files a proposed amended complaint seeking to cure the deficiencies in its initial complaint raised by Judge Chesler and the Third Circuit. (Prop. Am. Compl., ECF No. 93-1). It adds language explaining the role the natural Defendants played, alleging they "personally arrang[ed] for and approv[ed] the sale of the infringing products at issue in this case." (*Id.* ¶ 4). It distinguishes between the BOURNVITA product owned by the Cadbury Company in India and the BOURNVITA product owned by Plaintiff. (*Id.* ¶¶ 32-34). It also explains the reason why the two products create a likelihood of consumer confusion. (*Id.* ¶ 49).

As the only remaining Defendants are in default, no opposition was filed in response to Plaintiff's motion.

3

## GOVERNING LAW AND ANALYSIS

### I. Standard for Motion to Amend Pleadings

"The threshold issue in resolving a motion to amend" is to determine whether it is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure. *Holmes v. Christie*, No. 16-cv-1434 (ES) (MAH), 2023 WL 8016055, at *2 (D.N.J. Nov. 17, 2023) (internal citations omitted). Fed. R. Civ. P. 15(a) governs amendments to pleadings before trial. Under Fed. R. Civ. P. 16(b)(4), once a scheduling order has been entered that sets a deadline for amending pleadings, that schedule may be modified "only for good cause and with the judge's consent." In the instant matter, there is no scheduling order providing deadlines to amend pleadings. Accordingly, this motion is governed by Fed. R. Civ. P. 15.

The Third Circuit has adopted a "liberal" approach to amendments of pleadings. *DLJ Mortg. Cap., Inc. v. Sheridan*, 975 F.3d 358, 369 (3d. Cir. 2020). A court may deny a motion to amend only where there is: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; (4) repeated failures to cure deficiencies; or (5) futility of amendment. *Grayson v. Mayview State Hosp.*, 293 F. 3d 103, 108 (3d. Cir. 1984).[2]

### II. Amendment is Warranted Pursuant to Fed. R. Civ. P. 15(a)

#### A. Undue Delay

"The passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court[.]" *Adams v. Gould, Inc.*, 739 F. 2d 858, 868 (3d. Cir. 1984) (citations omitted); *see also Cureton v. NCAA*, 252 F.3d 267, 273 (3d. Cir. 2001). Undue delay is one "that is protracted

---

[2] The Court does not find evidence of, and therefore does not analyze, whether the Motion should be denied due to bad faith or dilatory motive.

4

and unjustified," and "can indicate a lack of diligence sufficient to justify discretional denial of leave." *Mullin v. Balicki*, 875 F.3d 140, 151 (3d. Cir. 2017). "Though there is no period in which delay becomes undue, "[c]ourts in this circuit have denied motions to amend based solely on undue delay when a long delay was unexplained." *Khetani v. Plainsboro Twp.*, No. 23-cv-534 (GC) (JTQ), 2024 WL 3861043, at *13 (D.N.J. Aug. 19, 2024) (citations omitted). The Third Circuit has "refused to overturn denials of motions for leave to amend where the moving party offered no cogent reason for the delay in seeking the amendment." *CMR D.N. Corp. & Marina Towers Ltd. v. City of Phila.*, 703 F.3d 612, 629 (3d. Cir. 2013) (citing *Bjorgung v. Whitehall Resort*, 550 F.3d 263, 267 (3d Cir. 2008)).

Here, the Court finds no undue delay. The motion was filed shortly after the Third Circuit's decision on the appeal. Plaintiff could not have filed the instant motion until the appeal was resolved.

### B. Undue Prejudice

The next factor that must be assessed when evaluating a request to amend under Fed. R. Civ. P. 15 is whether the amendment will cause unfair prejudice to the other party or unduly burden the court. *See Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d. Cir. 1993) ("[P]rejudice to the non-moving party is the touchstone for the denial of an amendment.") (quoting *Cornell & Co. v. Occupational Safety & Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir.1978)); *Cureton*, 252 F.3d at 273 (stating, in deciding a motion for leave to amend, the court should "focus on the hardship to the [non-moving party] if the amendment were permitted") (citing *Adams*, 739 F.2d at 868). In evaluating prejudice, the court should consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton*, 252 F.3d at 273; *see also Major Tours, Inc. v. Colorel*, 720 F. Supp. 2d. 587, 614 (D.N.J. 2010)

5

("Prejudice may involve requiring the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delaying the resolution of the dispute."); *Joy v. Perez*, No. 10-cv-01636 (DMC) (JAD), 2011 WL 221700, at *2 (D.N.J. Jan. 21, 2011) ("Unfair prejudice is usually found when there has been a significant unjustified delay in moving to amend that creates an unfair disadvantage for the defendant.")

Here, there is no unfair prejudice to the non-moving Defendants because they are all in default. Defendants are not unfairly disadvantaged or deprived of the opportunity to present evidence because they have never participated in the litigation up to this point. Further, there is no unfair prejudice as to discovery because there has been no discovery in this matter due to the default status of the remaining Defendants. Accordingly, the Court finds there is no undue prejudice.

### C. Repeated Failures to Cure Deficiencies

Next, the Court must determine whether there have been repeated failures to cure deficiencies. Here, Plaintiff seeks leave to file an amended complaint after its motions for default judgment were denied once. While there has been significant procedural history because Plaintiff sought reconsideration of, and then appealed, Judge Chesler's orders, Plaintiff has not made multiple attempts to rectify the deficiencies in its Complaint; rather, this is the first time amendment is sought. *Contra Cal. Pub. Emp. Retirement Sys. v. Chubb Corp.*, 394 F.3d 126, 165 (3d. Cir. 2004) (affirming district court's denial of leave to amend where plaintiff, for the second time, failed to remedy the pleading deficiencies in their complaint despite "clear guidance" given by the district court); *In re Intelligroup Sec. Litig.*, 527 F. Supp. 2d 262, 383 (D.N.J. 2007) (denying leave to amend where plaintiffs "had three full opportunities to state a claim and failed to do so, in spite of . . . [the court] providing [p]laintiffs with a detailed roadmap in its previous opinion").

Accordingly, the Court does not find there have been repeated failures to cure deficiencies and will not deny the motion to amend on that basis.

### D. Futility

Next, the Court must assess whether the proposed Amended Complaint is futile. The standard for assessing futility of an amended complaint is the same standard of legal sufficiency that applies under Fed. R. Civ. 12(b)(6). *Reardon v. New Jersey*, No. 13-cv-5363 (NLH), 2014 WL 2921030, at *6 (D.N.J. Jun. 27, 2014) (citations omitted). "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief can be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d. Cir. 2000) (citation omitted). Although Rule 15 futility "closely tracks" Rule 12(b)(6), it "does not contemplate substantive motion practice on the merits of the claims." *Leach v. Applicant Insight, Inc.*, No. 20-cv-1533 (JMV) (MF), 2021 WL 236492, at *1 (D.N.J. Jan. 25, 2021). Put differently:

> If a proposed amendment is not *clearly* futile, then denial of leave to amend is improper. *This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense*; [it] does require, however, that the newly asserted defense appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit.

*Id.* (quoting *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (alteration in original) (emphases added) (citations omitted)). *See also Rosenzweig v. Transworld Sys., Inc.*, No. 16-cv-227 (JMV) (MF), 2016 WL 5106995, at *4 (D.N.J. Sept. 20, 2026) (holding, in granting leave to amend, "the claims and arguments presented do not reflect conspicuous futility. It is possible that some (or all) of [p]laintiff's claims may ultimately fail. However, for purposes of this motion and Rule 15, the Court cannot conclude that any aspect of the proposed amendment is clearly futile").

Here, the Court finds the proposed Amended Complaint is not clearly futile. The claims appear to be sufficiently well-grounded in fact and do not appear to be frivolous. The proposed amendment attempts to rectify deficiencies identified in both Judge Chesler's and the Third Circuit's decisions. For example, it now alleges that the natural person Defendants personally arranged for and approved the sale of the infringing products. (Prop. Am. Compl., ¶¶ 4, 8, 10, 15). It provides more detail about the Cadbury BOURVITA and explains that Cadbury has no rights to the BOURNVITA mark in the United States. (*Id.* ¶¶ 26-31). The Amended Complaint explains the differences between the Cadbury BOURNVITA product and Plaintiff's BOURNVITA product. (*Id.* ¶¶ 32-34). It also explains why the allegedly infringing goods are likely to confuse customers. (*Id.* ¶ 51).

There are no "glaring defects" which would warrant denial of leave to amend under Fed. R. Civ. P. 15's "liberal" standard. While the Court does not do a substantive review of the merits, the Court finds that the amended is not clearly futile under the Rule 15 standard. [3]

## CONCLUSION

For the foregoing reasons, Plaintiff's unopposed motion for leave to file an amended complaint is **GRANTED**.

---

[3] *See Colombo v. Bd. of Educ. for the Clifton Sch. Dist.*, No. 11-cv-785 (CCC) (JBC), 2016 WL 6403081, at *2 (D.N.J. Oct. 27, 2016). "In the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss." The Court finds it would be more appropriate for futility to be analyzed in a prospective motion for default judgment, and not the instant motion to amend.